

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 9, 1968

Commissioner J. K. Williams          Opinion No. M-199
Coordinating Board
Texas College & University System    Re: Whether Public Junior Colleges
Sam Houston State Office Building         in Texas are "institutions
Austin, Texas   78701                     which are local educational
                                          agencies" as provided by the
Dear Mr. Williams:                        State, and related questions.

        In your request for an opinion from this office you
state the following:

        "In 1965 the Central Texas Union Junior
    College District was created by a vote of the
    people.  The College District is comprised of
    the Independent School Districts of Killeen
    and Copperas Cove and the Common School Dis-
    trict of Nolanville.  The tax base was estab-
    lished on the recommendation of consultants
    who estimated opening enrollment would be
    approximately 155 students.

        "Evidently, the consultants did not
    consider the sheer vastness of the military
    complex located at Fort Hood, Killeen Base,
    and Robert Gray Army Airfield.  There are ap-
    proximately 40,000 permanent personnel, most
    of whom are eligible to attend Central Texas
    College under the Department of Defense As-
    sistance Program or the G.I. Bill.  The truth
    of the matter is that Central Texas College
    is committed to serve what amounts to a vast
    Federal District.

        "The assessed valuation of Central Texas
    College District is approximately $72,000,000.00,
    which would be adequate to provide the civilian
    population of the District, not including mili-
    tary dependents.  In reality, these military
    reservations are legally a part of the College
    District and were voted as such when the Dis-
    trict was created.

-956-

"As a result, Central Texas College had to allocate several times as much money to construction and equipment as was initially visualized, since students registered for classes at a rate of 1,300% in excess of the original estimate.

"The composition of the Fall Semester, 1967 Enrollment (Head-count) was as follows:

"1,187    Active Military
   315    Militarily-Connected Dependents
   112    Federal Employees and Dependents
   470    All Other

"The basis for junior college taxation is very similar to that of the public school system. The problems of finance are also much the same. The tax rate for Fiscal Year, 1968 for operation and maintenance is $.25 per $100 assessed valuation, the maximum rate authorized when the District was established.  Due to the unique situation whereby Fort Hood was created, Central Texas College is legally prohibited from taxing any private business located on these military reservations.  The only remaining alternative to proper financing of the College is to seek possible federal financial assistance as an impacted junior college district under . . . federal programs:

"  . . .

"The purpose of this letter is to request your opinion in regard to the following four questions:

"1.)   are Public Junior Colleges in Texas 'institutions which are local educational agencies' as provided by the state,

"2.)   are Public Junior Colleges in Texas institutions which provide 'public free' secondary education at public expense, pursuant to the laws of the State of Texas,

"3.)   is Attorney General's Opinion WW-868 altered by the passage of the Higher Education

Coordinating Act of 1965, (H.B. 1, Acts of the 59th Legislature, Regular Session 1965), and

"4.) are Public Junior Colleges in Texas 'in fact, under public supervision and direction?'

". . ."

## First Question

Article 2815h, Vernon's Civil Statutes, authorizes the establishment of junior college districts with powers to assess and collect taxes for support and maintenance. Section 5 of Article 2815h provides:

"The Board of Trustees of Junior College Districts shall be governed in the establishment, management and control of the Junior College by the General Law governing the establishment, management and control of Independent School Districts insofar as the General Law is applicable."

In Shepherd v. San Jacinto Junior College District, 363 S.W.2d 742 (Tex.Sup. 1962), the Court held Article 2815h to be a constitutional enactment. In this case, the Court said at page 744:

". . . The junior colleges, developed for the most part since 1929, are sandwiched in, so to speak, between the high schools on one hand and the colleges or universities on the other hand. In certain respects, the junior college is what its name implies, that is, a school which is above the high school level yet one whose highest grade is below the educational level required for a degree from a university. Yet, as pointed out by one of the briefs on file here, it would not be inappropriate to refer to the districts which support such schools as 'junior college districts,' 'advanced independent school districts' or 'graduate high school districts.' The point of this is that junior colleges and their districts may in some instances be regarded as colleges and in other instances as schools in the nature of advanced high schools. The Junior College Act itself makes numerous references to independent

school districts when delineating the powers and operations of a junior college district."

Public junior college districts have some attributes of both high school districts and of colleges and in some areas are considered to be local agencies as provided by the State. Attorney General's Opinion WW-868 (1960).

In our opinion public junior colleges in Texas are "institutions which are local educational agencies" as provided by the State of Texas.

## Second Question

We are unable to find any statutory authority defining "public free" secondary education at public expense, pursuant to the laws of the State of Texas. In Shepherd v. San Jacinto Junior College District, 363 S.W.2d 742 (Tex.Sup. 1962), it was held that junior colleges constitute a part of the public free schools of Texas.

It is our opinion that public junior colleges in Texas are institutions which provide "public free" secondary education at public expense, pursuant to the laws of the State of Texas.

## Third Question

The Higher Education Coordinating Act of 1965, codified as Article 2919e-2, Vernon's Civil Statutes, in Sections 3 and 17 expressly provide that the State Coordinating Board, Texas College and University System, shall exercise general control of all public junior colleges, including functions set out in said statute and in other laws of the State of Texas. However, said Act further provides that functions vested in the governing boards of the respective public junior colleges, not specifically delegated to the State Board, shall be performed by such local boards. Section 5 of Article 2815h also provides that the board of trustees of junior college districts shall be governed in the establishment, management and control of the junior college by the general law governing the establishment, management and control of independent school districts insofar as the general law is applicable. It is our opinion that Attorney General's Opinion WW-868 (1960) is not altered by the terms of the Higher Education Coordinating Act of 1965.

## Fourth Question

The Higher Education Coordinating Act of 1965 (Article

2919e-2) in Sections 3 and 17, provide that the Higher Education Coordinating Board shall exercise general control of all public junior colleges and shall perform such functions as provided by said Act and by other laws of the State of Texas.

In our opinion public junior colleges are under public supervision and direction.

### S U M M A R Y

Public junior colleges in Texas are "institutions which are local educational agencies" as provided by the State.

Public junior colleges in Texas are institutions which provide "public free" secondary education at public expense, pursuant to the laws of the State of Texas.

Attorney General's Opinion WW-868 (1960) is not altered by the passage of the Higher Education Coordinating Act of 1965.

Public junior colleges in Texas are under public supervision and direction.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
John Banks
Fisher Tyler
James Quick

A. J. CARUBBI, JR.
Executive Assistant